IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| COX'S PARADISE LLC,<br>A/A/O DLA LLC,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHFIELD INSURANCE<br>COMPANY,<br><br>    Defendant. | Case No. 2:24-cv-2889-JPM-tmp |

### ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Defendant Northfield Insurance Company ("Defendant" or "Northfield") on December 23, 2024. (ECF No. 1.) Because Plaintiff Cox's Paradise LLC a/a/o DLA LLC ("Plaintiff" or "Cox's Paradise") requests the Court grant Defendant's Motion, (ECF No. 13-1 at PageID 58), the Motion is **GRANTED**. For the reasons set forth below, Plaintiff's case is thus **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

On November 14, 2024, Plaintiff brought this action against Defendant for breach of contract and compensatory damages. (ECF No. 1.)

A.      **Factual Background**[1]

Plaintiff owns the property located at 1441 S Church Street, Halls, TN 38040 (hereinafter "the Property"). (Id. ¶ 6.) Plaintiff purchased the Property from DLA LLC ("DLA") on December 9, 2020. (Id. ¶ 20.)

In consideration for premiums paid prior to July 17, 2020, Defendant issued a commercial insurance policy WS280071 (the "Policy") to DLA. (Id. ¶ 7.) As per terms of the Policy, Defendant agreed to make payment in the event of a covered loss, risk and/or peril, in consideration for the premium paid by DLA. (Id. ¶ 8.)

On or about July 17, 2020, Plaintiff alleges severe weather events—including high velocity winds, snow, ice, and/or large hail—"seriously damaged the Property." (Id. ¶ 10.) Pursuant to the losses on the Property, DLA filed claim F3C3322 (the "Claim") with Defendant. (Id. ¶¶ 12–13.) Defendant inspected the Property in its investigation of the Claim. (Id. ¶ 14.) Defendant determined it owed $70,078.61 under the Policy. (Id. ¶ 17.)

On or about December 9, 2020, DLA sold the Property to Plaintiff pursuant to a Purchase and Sale Agreement (the "Sale Agreement"). (Id. ¶ 20.) DLA assigned all rights, title and interest in the subject claim to Plaintiff. (Id. ¶ 6.) In the Sale Agreement, Plaintiff alleges DLA stipulated it would "convey insurance rights and insurance claim rights to the buyer and his agent of [the Property]". (Id. ¶ 21 (citing ECF No. 1-1).)

Plaintiff proceeded to submit an independent evaluation of the damages to the Property (the "Estimate"). (Id. ¶ 13.) The Estimate described repairs, construction, and other services needed to restore the Property to its pre-loss condition. (Id. ¶ 14.) Plaintiff approximates these repairs at $1,385,646.89. (Id. ¶ 13.)

---

[1] For purposes of the Motion to Dismiss, the Court takes the facts alleged in the Complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 666 (2009). This section should not be construed as a finding on any listed fact.

Plaintiff then filed a claim with Defendant.  (Id. ¶ 16.)  Plaintiff alleges Defendant has not paid Plaintiff's claim.  (Id.)

B.      **Procedural Background**

On December 23, 2024, Defendant filed the instant Motion.  (ECF No. 12.)  On January 21, 2025, Plaintiff filed its Response.  (ECF No. 13.)

Defendant seeks to dismiss the case under the prior suit pending doctrine.  (ECF No. 12 at PageID 32.)  It indicates another suit with the same parties, involving the same property, and the same claim for coverage, is pending before the Court.  (See id. at PageID 33 (citing ECF No. 1, 2:24-cv-2817-TLP-atc (W.D. Tenn.)).)

Plaintiff "does not disagree that this suit should be dismissed."  (ECF No. 13 at PageID 54.)  Plaintiff, however, seeks a dismissal without prejudice "on the condition that the parties are allowed to proceed under Case No. 2:24-cv-02817."  (Id. at PageID 58.)

II.     **ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  Because Plaintiff does not dispute that its suit should be dismissed, Defendant's Motion is **GRANTED**.  What remains is Plaintiff's request that the dismissal be without prejudice.

After a defendant files an answer, a plaintiff seeking to voluntarily dismiss its case must do so by court order.  See Fed. R. Civ. P. 41(a)(1)(B).  "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court."  Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994) (citation omitted).  "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a

3

result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id.

In its determination of "plain legal prejudice," the Court examines "factors [such] as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." See id.

Here, Plaintiff indicates Defendant "agree[d] that it is not seeking a dismissal on the merits, but rather it is simply seeking to proceed only on the previously filed lawsuit." (ECF No. 13-1 at PageID 57.) Defendant has not filed a reply contradicting this assertion.[2] In that context, Defendant will not suffer prejudice. Cf. Zurich Am. Ins. Co. of Ill. v. Sunshine Int'l Corp., No. 2:19-cv-02173-JTF-cgc, 2021 WL 12319647, at *3 (W.D. Tenn. Feb. 26, 2021) (finding a defendant would suffer no prejudice where it consented to the plaintiff's motion to dismiss the defendant with prejudice).

The Court also finds, after applying the Grover factors, that dismissal without prejudice is appropriate. See 33 F.3d at 718. The case is in its early stages, as the Parties have conducted no discovery and the Court has not held a scheduling conference. While there has been some delay given the timing of the filing of the Complaint compared to the underlying events of loss, Defendant has not filed a summary judgment motion, and the Parties have agreed the instant case should be dismissed. Thus, on balance of the Grover factors, the Court finds dismissal without prejudice is appropriate. See id.

---

[2] Local Rule 12.1(c) permits Defendant to file a reply to a response to a motion to dismiss without leave of the Court.

4

### III.    CONCLUSION

For the above reasons, Defendant's Motion is **GRANTED**. Plaintiff's case is **DISMISSED WITHOUT PREJUDICE**. The Parties are to proceed under Case Number 2:24-cv-2817.

**SO ORDERED**, this the 17th day of March, 2025.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT COURT JUDGE